DA 09-0536

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 61N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

SALVADOR ALVAREZ,

Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 08-103
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Colin M. Stephens; Smith & Stephens, P.C.; Missoula, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; Mardell L. Ployhar,
Assistant Attorney General; Helena, Montana

Mitch Young, Lake County Attorney, Polson, Montana

Submitted on Briefs: March 3, 2010

Decided: March 23, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Salvador Alvarez appeals following his conviction for bail jumping in the Twentieth Judicial District Court, Lake County. We affirm.

¶3      The State charged Alvarez with one count of criminal distribution of dangerous drugs and one count of possession of property subject to forfeiture. Alvarez was scheduled to enter a change of plea at a hearing set for February 11, 2008. Alvarez was out on bond at the time of the hearing. The order setting bond conditions required that Alvarez "keep in contact with his attorney" and "make all court appearances in person." Alvarez failed to appear at the hearing.

¶4      Alvarez's counsel informed the court that Alvarez had called from a repair shop in Bozeman and indicated that the vehicle in which he was traveling had broken down on the way to the hearing. The District Court issued a warrant for Alvarez's arrest two weeks after he failed to appear at the change of plea hearing. Police arrested Alvarez in Washington state on June 10, 2008.

¶5      The State charged Alvarez in Lake County District Court with bail jumping in violation of § 45-7-308, MCA, after he failed to appear at a change of plea hearing. Alvarez moved to dismiss the charge based upon insufficient evidence and on the grounds that the

2

bail jumping statute was unconstitutionally vague. The District Court denied the motion. The jury convicted Alvarez of bail jumping and he appeals.

¶6 A constitutional challenge to a statute presents a question of law that this Court reviews to determine if it is correct. *State v. Mathis*, 2003 MT 112, ¶ 8, 315 Mont. 378, 68 P.3d 756. We review de novo a district court's denial of a motion to dismiss for insufficient evidence. *State v. McWilliams*, 2008 MT 59, ¶ 37, 341 Mont. 517, 178 P.3d 121. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the jury's verdict of guilty on the bail jumping charge and the District Court correctly analyzed Alvarez's constitutional challenge to the bail jumping statute.

¶7 We affirm.

/S/ BRIAN MORRIS


We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ W. WILLIAM LEAPHART